IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| W.G. YATES & SONS CONSTRUCTION CO. AND AFFILIATED COMPANIES,<br><br>            Plaintiff,<br><br>versus<br><br><br>RACHEL RYALS AND JONATHAN J. LUCA<br>            Defendants. | Case No. 3:19-cv-00383-TJC-PDB |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES
TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**NOW COMES** Plaintiff W.G. Yates & Sons Construction Co. and Affiliated Companies ("Plaintiff") and, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04 moves the Court for an order compelling Defendants Rachel Ryals ("Ryals") and Jonathan J. Luca ("Luca") to provide expedited responses to Plaintiff's First Set of Interrogatories and Requests for Production and awarding Plaintiff the reasonable costs and attorneys' fees incurred in connection with this motion.

Plaintiff respectfully requests that the Court consider this motion on an expedited basis. In support of its motion, Plaintiff submits the following:

1

## BACKGROUND

**A. Plaintiff's Allegations**

It appears Defendants will not participate in this litigation unless or until the Court rules on the pending motion to dismiss. Meanwhile, Plaintiff continues to incur attorneys' fees and costs for its efforts to recover Plaintiff propounded interrogatories and requests for production to Defendants on June 27, 2019. Defendants have failed to provide any responses to date, much less make any effort to confer with Plaintiff in good faith to resolve this discovery dispute.

Much of the relevant factual background is already set forth in Plaintiff's motion for leave to amend the Complaint and its response to Defendants' motion for protective order (Doc. 30). For the purpose of this motion, the relevant facts are:

- Plaintiff is the "Plan Administrator" for the self-funded W.G. Yates & Sons Construction Co. and Affiliated Companies Employee Major Medical Plan (the "Plan") and is therefore a "fiduciary" under the Plan pursuant to 29 U.S.C. § 1002(21).

- The Plan is an "employee benefit plan" pursuant to 29 U.S.C. § 1002(3). (Doc. 10 ¶1.)

- Ryals, whose husband was employed by Plaintiff, is a participant and beneficiary of the Plan. (Id. ¶3, 5.)

- After she incurred injuries in an accident around December 27, 2015, the Plan paid Ryals $138,784.17 in medical claims related to the accident. (Id. 6.)

- Under the terms of the Plan, Ryals assigned the Plan any and all rights she had to recoveries for her injuries from a responsible third party when she accepted the medical benefits. (Id. ¶8. *See* Docs. 10-1, 10-2.)

- In fact, Ryals recovered funds for her injuries in the settlement of a personal injury lawsuit in December 2017. (Doc. 10 ¶7.)

- As Ryals' counsel in the personal injury lawsuit, Luca retained the entire amount of the settlement funds from the personal injury action in his trust account including at the time Defendants received notice of the Plan's right of subrogation and reimbursement. (Id. ¶¶10-11; Doc. 17 at 2.)

- Despite having knowledge of the Plan's rights of subrogation and reimbursement with respect to the settlement funds from the personal injury action, Defendants have refused and continue to refuse to reimburse the Plan in any amount. Defendants have therefore violated the terms of the Plan, breached their fiduciary duty, and engaged in conduct prohibited by ERISA.

2

The Second Amended Complaint was filed on March 12, 2019. (Doc. 10.) On May 30, 2019, counsel for the parties conducted a case management conference pursuant to Local Rule 3.05 and Federal Rule of Civil Procedure 26(f) to discuss deadlines for initial disclosures and discovery, and settlement. Defendants' counsel acknowledged the plausibility of Plaintiff's claims but stated there is no possibility of settlement while the motion to dismiss remains pending. Nevertheless, Defendants' counsel suggested that the parties begin conducting discovery in order to facilitate settlement negotiations.

### B. Status of Discovery

On June 1, 2019, the parties exchanged initial disclosures. (*See* Initial Disclosures, attached hereto as Exhibit 1.) Notably, **both Plaintiff and Defendants identified Jonathan J. Luca and Rachel Ryals as "individual[s] likely to have discoverable information that [they might] use to support [their] claims**.*"* (Id.) Defendants further identified certain documents that might be used in support of their defense, including, *inter alia*, **Rachel Ryals litigation file** (with respect to which Defendants claimed attorney-client privilege) and **communications between the parties regarding Plaintiff's and/or the Plan's claims to reimbursement**.

After the Court issued its Case Management and Scheduling Order (Doc. 25.), Plaintiff propounded interrogatories and requests for production of documents, to each Defendant, on June 27, 2019. (*See* Plaintiff's First Interrogatories and Requests for Production to Defendants Ryals and Luca, respectively, attached hereto as Exhibit 2.) On Friday, July 26, 2019, on the eve of the July 29 deadline to respond, Defendants' counsel raised two global objections to the Plaintiff's discovery that:: (1) the confidential settlement agreement for the underlying personal injury action prohibits disclosure of, or reference to, the settlement amount; and (2) the Requests seek "personal and attorney financial records which are overly broad and invade privacy and attorney-client

3

matters, while other requests invade work-product." (*See* Correspondence of July 26, 2019, attached hereto as Exhibit 3.)[1] Notably, Defendants have not raised any objection as to the *relevance* of the discovery requests, nor has he individually identified which requests are purportedly privileged or provided a privilege log. (*See* id.) Less than three hours after raising their objections, Defendants filed a motion for protective order. (Doc. 29.) To date, Plaintiff has not received any specific objections to its interrogatories or requests for production, much less any responses.

**C. Consultation with Opposing Counsel Pursuant to Local Rule 3.01(g)**

Nonetheless, Plaintiff's counsel renewed the offer to discuss a protective order in this matter and offered to discuss the scope of discovery further upon receipt of Defendants' objections to the Requests. (*See* Ex. 3.)  Defendants did not respond.

Having received no responses to its Requests by the deadline of July 31, 2019, Plaintiff's counsel **granted Defendants an extension of time to respond** to the Requests until August 9, 2019 and communicated Plaintiff's intent to seek to compel the responses if none were received. (*See* Correspondence of July 31, 2019, attached hereto as Exhibit 5.) Defendants did not respond.

Plaintiff's counsel called Defendants' counsel again on August 6, 2019. Defendants' counsel was unavailable, but Plaintiff's counsel left a message with his office and subsequently followed up via email. (*See* Correspondence of August 6-8, attached hereto as Exhibit 6.) Plaintiff's counsel attempted to contact counsel for Defendants again on August 8 to discuss the disputed issues reflected in the contemporaneously filed motions, to no avail. (Id.)  After the Court denied Defendants' motion for protective order, Plaintiff's counsel contacted Defendants' counsel

---

[1] Prior to the parties' case management conference, Plaintiff's counsel proposed the parties stipulate to a protective order in light of the need to conduct discovery of both defendants' financial information and documents containing Ryals' medical information. (*See* Correspondence of May 29, 2019, attached hereto as Exhibit 4.)

4

once again on August 22, 2019. (*See* Correspondence of August 22, attached hereto as Exhibit 7.) Plaintiff's counsel followed up again via telephone on August 23, to no avail. Defendants have yet to respond nor have they timely responded to discovery.[2]

## LAW & ARGUMENT

Federal Rule of Civil Procedure 37(a)(3) permits a party to move for an order to compel responses to interrogatories and requests for production by any other party who has failed to respond pursuant to Rules 33 and 34. Fed. R. Civ. P. 37(a)(3)(iii), (iv). Plaintiff propounded its interrogatories and requests for production on June 27, 2019 pursuant to Federal Rules of Civil Procedure 33 and 34. Despite Plaintiff's good-faith effort to confer with Defendants, including a voluntary extension of time, Defendants have failed to respond to the interrogatories and requests for production. As such, this motion to compel is warranted.

### A. Defendants' Objections are Spurious

To the extent Defendants are relying on the pending motion for protective order, the motion does not obviate their need to provide written responses. Rule 33 requires that interrogatories be answered within thirty (30) days of service, "separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Objections not stated are waived, absent showing good cause. Id. A party must state any objections to interrogatories and/or requests for production with specificity and describe the grounds of the objection. Id.; Fed. R. Civ. P. 34(b)(2). If any documents are withheld on the basis of an objection, the responding party must so state and identify the material being withheld. Fed. R. Civ. P. 34(b)(2). Information withheld on the basis of privilege must be identified in a privilege

---

[2] On June 27, 2019, Plaintiff also served requests for admission on Defendants; however, Defendants did not submit objections as required by Federal Rule of Civil Procedure 36 or timely respond at all. The requests for admission to Defendants are now deemed admitted. Fed. R. Civ. P. 36(a)(3).

log. *See* Fed. R. Civ. P. 26(b)(5). Here, ***Defendants have not satisfied any of these requirements at all***.

Courts have previously found such conduct sufficient grounds to grant a motion to compel. McMillan v. Dep't of Corr., No. 5:13-CV-292-WS-GRJ, 2014 WL 12639343, at *1 (N.D. Fla. Apr. 28, 2014) (compelling the defendant to respond to interrogatories); Fed. Deposit Ins. Corp. v. Old Republic Nat'l Title Ins. Co., No. 12-81172-CIV, 2013 WL 12096453, at *4 (S.D. Fla. Nov. 13, 2013) (Because the plaintiff "failed to specifically object by identifying why the documents should not be discoverable," it was ordered to produce the documents sought by the defendant). *Accord. e.g.* Heald v. Hill-Rom Co., Inc., CV 105-187, 2006 WL 8436154, at *1 (S.D. Ga. Sept. 20, 2006).

Defendants' motion for protective order seeks to prohibit discovery of two categories of information: (1) information subject to the confidentiality provision of a settlement agreement, including any reference thereto; and (2) "attorney-client or work product material." (Doc. 29 ¶¶ 1-2, 4.) As demonstrated in Plaintiff's response to the motion for protective order, Defendants' purported objections are legally baseless because (1) in this context, confidential settlement agreements are discoverable as a matter of law; and (2) Defendants may not provide answers that conflict with the "sword and shield doctrine." (Doc. 30 at 6-8.) As such, Section D of the response is incorporated as if fully set forth herein.

Moreover, these objections are largely inapplicable to the interrogatories and requests for production that Plaintiff served on Defendants in the first place. As a threshold matter, Plaintiff is entitled to discovery relevant to the amount of damages at issue and other standard matters, such as discovery directed at identifying relevant witnesses and documents and impeachment evidence. To the extent the information sought is not privileged: Ryals must respond to the Interrogatory Nos. 8-13 and Request for Production Nos. 2-3, 22, 13-21; and Luca must respond to Interrogatory

Nos. 4, 10-15 and Request for Production Nos. 8, 13, 16-21, and 23. (*See* ___.)[3]

### B. Plaintiff is Entitled to the Discovery it Seeks

Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery must be "proportional to the needs of the case," however, information and documents "need not be admissible in evidence to be discoverable." Id. Here, Plaintiff is entitled to discovery of information relevant to its claims of breach of fiduciary duty and for equitable relief under ERISA.

#### i.  Breach of Fiduciary Duty

To prove its breach of fiduciary claim Plaintiff must show, in part, that Defendants are fiduciaries. Perez v. DSI Contracting, Inc., No. 1:14-CV-282, 2015 WL 12618779, at *5 (N.D. Ga. July 24, 2015) (summarizing case law). As Defendants have acknowledged, the statutory definition of "fiduciary" entails the exercise of discretion, authority, or control over the management or disposition of Plan assets. (Doc. 12 ¶6) (citing 29 U.S.C. § 1002(21)(A)). Therefore, whether Defendants are fiduciaries within the statutory definition depends on the extent to which they respectively exercised discretion, authority, or control with respect to the settlement funds from the personal injury action.

The motion to dismiss conveniently leaves out that prior to the filing of this lawsuit, the parties engaged in discussions regarding the reimbursement claim for *seven months*. For much of this time, on information and belief, Defendants retained possession of the full amount of settlement funds from the personal injury action including during discussions of the Plaintiff's rights of subrogation and reimbursement under the terms of the Plan. Upon information and belief,

---

[3] Note that, as set forth below, the confidentiality of information related to settlement agreements is no grounds for objecting to these requests.

7

Luca disbursed an amount of the settlement funds to Ryals by February or March 2019 (which funds are Plan assets by its plain terms). Moreover, Defendants admit that the funds "have been commingled into various checking accounts and spent, in part, to purchase a truck." (Doc. 12 ¶18.) These actions form the very basis of Plaintiff's claim and Plaintiff is entitled to discovery of the extent of Defendants' exercise of discretion over Plan assets.

Accordingly, Plaintiff entitled to complete responses to the interrogatories and requests for production aimed at the following categories of information:

- Defendants' knowledge of the Plan's subrogation and reimbursement rights. (*See* Request for Production Nos. 3, 12 to Ryals; Request for Production Nos. 2, 9, 14-15, 20 to Luca.)

- Any discretion, authority, or control exercised with respect to settlement funds belonging to Plaintiff under the terms of the Plan. (*See* Request for Production Nos. 3, 23, 24 to Ryals; Request for Production Nos. 2, 14-15, 20, 22 to Luca.)

- Information about the underlying facts and scope of Ryals' representation in the personal injury action, including the representation of Luca. (*See* Interrogatory No. 1, 14, 16 and Request for Production Nos. 3, 10, 19 to Ryals; Interrogatory No. 9 and Request for Production Nos. 2, 4, 20 to Luca.)

- Information about the underlying facts and scope of Defendants' representation regarding Plaintiff's reimbursement claims, including during the period preceding this litigation. (*See* Interrogatory No. 17 and Request for Production Nos. 3, 22 to Ryals; Interrogatory No. 9 and Request for Production Nos. 2, 4, 14, 15, 20 to Luca.)

   ii.   **Equitable Relief**

This Court has previously held that "the existence, identification and dissipation of [a defendant's] settlement proceeds are relevant to [a plaintiff's] ability to recover on [an] equitable claim" under ERISA. UnitedHealth Grp., Inc. v. Dowdy, No. 806CV2111T23EAJ, 2007 WL 3202473, at *2 (M.D. Fla. Oct. 29, 2007). Moreover, "*such discovery is relevant to [the defendants'] possession and control over the settlement funds*." Id. (citing Sec. Mut. Life Ins. Co. v. Joseph, No. 06-CV-4804, 2007 U.S. Dist. LEXIS 47664, at *6-7 (E.D. Pa. June 29, 2007); Cruz v. Sun Life Assur. Co., No. 07-2391, 2007 U.S. Dist. LEXIS 653388, at *5 (D.N.J. Sept. 4,

2007)). As Defendants themselves have pointed out in their motion to dismiss, Plaintiff's ability to recover in equity is wholly dependent on whether it can trace the Plan assets to identifiable funds from which it can recover. (Doc. 12 ¶18.)

Accordingly, Plaintiff is entitled to complete responses to the interrogatories and requests for production aimed at information that would allow them to meet their burden of proof on a claim for equitable relief: information about the existence of identifiable settlement funds (i.e. tracing) including, but not limited to, any custodian of such funds, the location and amount of any such funds, and witnesses with knowledge or involvement in such facts. (*See* Interrogatory Nos. 3-6, 15 and Request for Production Nos. 3-9 to Ryals; Interrogatory Nos. 1-3, 5-6, 8 and Request for Production Nos. 2, 4-8, 10-12, 14 to Luca.)

### C. Defendants' Assertion of Privilege

To the extent the information sought is privileged, Defendants bear the burden of proof. Bermuda Dunes Private Residences Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 6:16-CV-1801ORL37GJK, 2017 WL 7731862, at *2 (M.D. Fla. Aug. 18, 2017). As such, Defendants must make "a particularized evidentiary showing and provide a privilege log" that shows (1) each document subject to the privilege asserted; (2) the authors of the documents and the respective capacity of each; (3) the custodians of the documents and the respective capacity of each; (4) the subject matter of the document; (5) the purpose for which each document or communication was prepared or authored; the degree of confidentiality afforded the communication or document; (7) the specific discovery requests to which the communication or document is responsive; and (8) a detailed explanation or privilege and why such information is prohibited from discovery. Id. (citing case law by way of example).

However, "[t]he attorney client privilege [] protects only 'disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.'" Slep-Tone Entm't Corp. v. Johnson, 518 F. App'x 815, 821 (11th Cir. 2013) (quoting Upjohn Co. v. United States, 449 U.S. 383, 395 (1981)). Indeed, Defendants themselves have identified their role as witnesses with relevant information in this matter, *including the information in Ryals' litigation file*. Plaintiff is still entitled to discovery of relevant *facts* underlying the material Defendants seek to withhold on the grounds of privilege. FTC v. CyberSpy Software, LLC, No. 6:08-CV-1872-ORL-31, 2009 WL 8708856, at *2 (M.D. Fla. May 26, 2009) (citing Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 520 (S.D. Fla. 2002)); Ocwen Loan Serv., LLC v. Accredited Home Lenders, Inc., No. 608CV214ORL31GJK, 2008 WL 11335099, at *2 (M.D. Fla. Aug. 11, 2008) (compelling the deposition of the defendant's attorney).

Moreover, Defendants must not use the privilege (or work product doctrine) as a sword and a shield. Sword and shield doctrine "typically applies when a party's attorney must testify as a result of the factual issues injected into the lawsuit by the party." Wiand v. Wells Fargo Bank, N.A., No. 8:12-CV-557-T-27EAJ, 2013 WL 6170616, at *1 n. 1 (M.D. Fla. Nov. 22, 2013) (citing Allstate Ins. Co. v. Levesque, 263 F.R.D. 663, 667 (M.D. Fla. 2010)). To the extent Defendants will rely on their conduct in their defense of the Plaintiff's allegations—as they have in the pending motion to dismiss—Defendants may not withhold the information. Fid. Guar. Ins. Co. v. Ford Motor Co., No. 609CV595ORL31KRS, 2010 WL 11507576, at *2 (M.D. Fla. Feb. 17, 2010); F.T.C. v. CyverSpy Software, LLC, No. 6:08-CV-1872-ORL-31, 2009 WL 8708856, at *2 (M.D. Fla. May 26, 2009); Ocwen Loan Serv., LLC v. Accredited Home Lenders, Inc., No. 608CV214ORL31JGK, 2008 WL 11335099, at *2 (M.D. Fla. Aug. 11, 2008).

**REQUEST FOR RELIEF**

**A.  The Circumstances Merit Expedited Consideration of this Motion**

Even considering the pending motion to dismiss, Plaintiff has failed to raise any objection to the sufficiency of the pleadings of Plaintiff's claim for equitable relief. In fact, Defendants' motion expressly acknowledges Plaintiff's burden of proof with respect to its equitable claim. Plaintiff has a reasonable fear that, given the totality of Defendants' conduct is motivated by their intent to delay proceedings and dissipate any Plan assets remaining in their possession.

**B.  An Award of Attorneys' Fees and Costs is Warranted by the Circumstances**

Defendants' absolute refusal to participate in discovery in this matter has caused Plaintiff to incur attorneys' fees and costs in its attempts to resolve the discovery dispute and in preparing the instant motion to compel. Plaintiff anticipates additional costs will be incurred in reviewing any response to this motion by Defendants and in arguing this motion before the Court. As such, Plaintiff submits that an award of such fees and costs is warranted under Federal Rule of Civil Procedure 37(a)(5). *See also* Am. Auto. Ass'n v. Porter, No. 615CV631ORL18KRS, 2015 WL 12843858, at *1 (M.D. Fla. Oct. 27, 2015) (it is well settled that "[a] non-moving party's failure to lodge specific objections is generally viewed as fatal").

 

/s/     Karuna Davé  
R. Scott Callen (Bar No. 0146242)  
THE KULLMAN FIRM  
2915 Kerry Forest Parkway, Suite 101  
Tallahassee, Florida 32309  
Telephone: (850) 296-1953  
sc@kullmanlaw.com  

Heather F. Crow (Bar No. 115437)  
Karuna Davé  
*Admitted pro hac vice*  
THE KULLMAN FIRM

        1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4114
hfc@kullmanlaw.com
kd@kullmanlaw.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of August, 2019, I caused to be served the foregoing pleading by U.S. mail, postage prepaid, and/or by using the Court's CM/ECF system, on the following parties:

**RACHEL RYALS**
**56146 HAYLIE LANE**
**CALLAHAN, FL 32011**

**AND**

**JONATHAN J. LUCA**
**904 ANASTASIA BOULEVARD**
**ST. AUGUSTINE, FL  32080**

      */s/ Karuna Davé*
      Karuna Davé