IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

W.G. YATES & SONS CONSTRUCTION
CO. AND AFFILIATED COMPANIES,

        Plaintiff,                CASE NO.: 3:19-cv-00383-TJC-PDB

v.

RACHEL RYALS and
JONATHAN J. LUCA,

        Defendants
_____/

## DEFENDANTS' INITIAL DISCLOSURES

The Defendants' RACHEL RYALS and JONATHAN J. LUCA, submit the following Initial Disclosures pursuant to Rule 26(a)(1) F.R.C.P.:

**Rule 26(a)(1)(i):** Name and address of each individual likely to have discoverable information along with the subject of that information that disclosing party may use to support its claims or defenses.

1.     Jonathan J. Luca, Esquire
       904 Anastasia Boulevard
       St. Augustine, FL 32080
       (904) 814-8943
       jonathan@lucalawfirm.com

       Mr. Luca has obtained knowledge and information through his attorney-client relationship with the Defendant Ryals concerning the Defendant Rylas' civil claims for personal injury and the confidential settlement obtained therein, along with knowledge of the claims of the Plaintiff and the Defendants' legal defenses thereto.

2.     Rachel Ryals
       c/o Counsel of Record
       56146 Haylie Lane
       Callahan, FL 32011

**EXHIBIT 1**

    Ms. Ryals may have knowledge and information concerning some of the claims of the Plaintiff and the legal defenses thereto as explained to her by her attorney, Jonathan J. Luca, through their attorney-client relationship.

3.     Adam Ryals
    56146 Haylie Lane
    Callahan, FL 32011

    Ms. Ryals may have knowledge and information concerning some of the claims of the Plaintiff and the legal defenses thereto as explained to her by her attorney, Jonathan J. Luca, through their attorney-client relationship and as husband to the Defendant Rachel Ryals.

4.     Rob Cook
    904 Anastasia Boulevard, Suite A
    St. Augustine, FL 32080
    (904) 471-4560
    rcook@robcookpa.com

    Mr. Cook may have knowledge and information concerning Plaintiff's claims and the Plaintiff's alleged negotiations.

5.     W.G. YATES & SONS CONSTRUCTION
    CO. AND AFFILIATED COMPANIES
    Records Custodian or other designee and/or Kenny Bush, VP
    Corporate Headquarters
    One Gully Ave.
    Philadelphia, MS 39350
    Contact: Robert Ridgway
    P (601) 656-5411

    The Records Custodian has documents related to the Plaintiff's claim of a self-funded plan and other related issues of insurance, stop-gap, and employee contributions to health insurance plans among other things. Kenny Bush has knowledge of the Plaintiff's relationship and contracts with Cigna Healthcare and other insurance providers and claims processing agreement(s) among other things related to litigation.

6.     Brad Hendsey
    c/o Fox Everett a division of Hub International Healthcare Solutions LLC
    300 Concourse Blvd Ste 300
    Ridgeland, MS 39157
    Alt.    12260 Intraplex Parkway
           Gulfport, MS 39503

Brad Hensley has knowledge of the Network Service Agreement and/or Customer Agreement between Cigna and the Plaintiff relating to insurance coverage and/or Third Party Administration, stop-gap, and receipt of the Defendant Rylas' Statutory Notice and the lack of response thereto by Cigna/Fox Everett/Plaintiff/Hub International Healthcare Solutions, LLC.

7. Rashaad Rollins
S & S Healthcare Strategies
1385 Kemper Meadow Drive
Cincinnati, OH 45240

Mr. Rollins has knowledge of the Statutory Notice sent to S & S Healthcare Strategies and directions to contact Fox Everett in regard to the same.

8. Cigna Health Care
Records Custodian or other designee
1301 Riverplace Blvd Ste 2220
Jacksonville, FL 32207

The Records Custodian has documents related to the Defendant Ryals' timely Statutory Notice and the lack of response thereto by Cigna and may have records of payments by Cigna to health care providers used by the Defendant for the alleged claims of the Plaintiff.

**Rule 26(a)(1)(ii)**: Description by category and location of all documents, data compilations, and tangible things in the possession, custody, or control of the parties which the disclosing party may use to support its claims or defenses.

The Defendant Jonathan J. Luca Esquire maintains the following:

1. Rachel Ryals' litigation file (subject to attorney-client protection);

2. The Plaintiff's 2015 Major Medical Plan Document, Claims Processing Agreement, Network Service Agreement, Form 5500, correspondence between Jonathan J. Luca, Esquire and the Kullman Firm, and the Statutory Notices sent to Plaintiff and/or its agents;

2. Billing statements, EOBs, correspondence, and other documents reflecting the benefits and/or payments by Cigna Insurance on 02/09/2017 in the amount of $115,199.48 after a Cigna

Adjustment of $141,634.65 and a Cigna Contractual Adjustment of $14,785.88, paid to UF Health Jacksonville on behalf of Defendant Ryals for her injuries sustained in an automobile accident occurring on or around December 27, 2015;

3. Communications between the parties regarding Plaintiff's and/or the Plan's claims to reimbursement.

The Defendants may also use any documents produced in discovery, any documents obtained through authorizations or third-party subpoenas, and any documents in the public record. The Defendants reserve the right to supplement these Initial Disclosures as to the identity of other documents, electronically-stored information, and tangible things.

**Rule 26(a)(1)(iii)**: Computation of any category of damages claimed by the disclosing party.

The pleadings are not ripe due to the pending Motion to Dismiss filed by the Defendants and the Defendant's reserve the right to supplement this section upon disposition of the Motion and development of its counterclaims, including an impleader action.

**Rule 26(a)(1)(iv)**: Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None known at this time although it is believed that the Plaintiff and Cigna's contractual relationship would provide for recovery to the Plaintiff in circumstances such as those presented in this case wherein the agent of the Plaintiff failed to respond to Statutory Notice of provide the Defendant with notice of any application of a self-funded/qualified ERISA Plan.

Defendants will supplement or amend their initial disclosures with this information should it become necessary.

Respectfully submitted on this 1st day of July, 2019.

JONATHAN J. LUCA, PA

_____
JONATHAN J. LUCA, ESQUIRE
Florida Bar No.: 0625523
jonathan@lucalawfirm.com
904 Anastasia Boulevard
St. Augustine, Florida 32080
Tel (904) 814-8943
Fax (904) 471-4561
Attorney for Defendants

I HEREBY CERTIFY that a copy of the foregoing has been furnished to KARUNA DAVE, ESQUIRE, THE KULLMAN LAW FIRM, 1100 Poydras Street, Suite 1600, New Orleans, LA 70163, and R. SCOTT CALLEN, ESQUIRE, THE KULLMAN LAW FIRM, 2915 Kerry Forest Parkway, Suite 101, Tallahassee, Florida 32309, Attorneys for Plaintiff, by eservice to kd@kullmanlaw.com and sc@kullmanlaw.com, on this 1st day of June, 2019

JONATHAN J. LUCA, PA

_____
JONATHAN J. LUCA, ESQUIRE
Florida Bar No.: 0625523
jonathan@lucalawfirm.com
904 Anastasia Boulevard
St. Augustine, Florida 32080
Tel (904) 814-8943
Fax (904) 471-4561
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| W. G. YATES & SONS CONSTRUCTION CO. AND AFFILIATED COMPANIES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RACHEL RYALS and JONATHAN J. LUCA,<br><br>　　　　Defendants. | Case No. 3:19-cv-00383-TJC-PDB |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, W.G. Yates & Sons Construction Co. and Affiliated Companies ("Plaintiff") submits the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**Rule 26(a)(1)(ii)**: Name and address of each individual likely to have discoverable information that disclosing party may use to support its claims or defenses.

1. Jonathan J. Luca
   904 Anastasia Boulevard
   St. Augustine, FL 32080
   (904) 814-8943
   jonathan@lucalawfirm.com

   Mr. Luca has knowledge and information concerning all aspects of Plaintiff's claims and Defendants' defenses to the same.

2. Rachel Ryals
   c/o Counsel of Record
   56146 Haylie Lane
   Callahan, FL 32011

Ms. Ryals has knowledge and information concerning all aspects of Plaintiff's claims and Defendants' defenses to the same.

3. Adam Ryals
   56146 Haylie Lane
   Callahan, FL 32011

Mr. Ryals has knowledge and information concerning Plaintiff's claims, including knowledge of the terms of W.G. Yates & Sons Construction Co. and Affiliated Companies Employee Major Medical Plan (hereinafter, the "Plan") and its subrogation and reimbursement rights.

4. Rob Cook
   904 Anastasia Boulevard, Suite A
   St. Augustine, FL 32080
   (904) 471-4560
   rcook@robcookpa.com

Mr. Cook has knowledge and information concerning Plaintiff's claims, including Defendants' understanding of the terms of the Plan, knowledge of Plaintiff's rights thereunder, and Defendants' exercise of control, management, and discretion with respect to Plan assets.

**Rule 26(a)(1)(ii)**: Description by category and location of all documents, data compilations, and tangible things in the possession, custody, or control of the parties which the disclosing party may use to support its claims or defenses.

Plaintiff and/or its counsel maintain the following:

1. The Plan and documents related thereto, including but not limited to the subrogation and reimbursement agreement between the parties;

2. Billing statements, EOBs, correspondence, and other documents reflecting the benefits and/or payments to providers that Defendant Ryals received under the Plan in connection with injuries sustained in an automobile accident occurring on or around December 27, 2015;

3. Communications between the parties regarding Plaintiff's and/or the Plan's reimbursement claim.

Plaintiff may also use any documents produced in discovery, any documents obtained through authorizations or third-party subpoenas, and any documents in the public record. Plaintiff reserves the right to supplement these Initial Disclosures as to the identity of others' documents, electronically-stored information, and tangible things.

**Rule 26(a)(1)(iii):** Computation of any category of damages claimed by the disclosing party.

Plaintiff seeks $138,747.17 in reimbursement for benefits paid under the Plan, in addition to attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

**Rule 26(a)(1)(iv)**: Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None known at this time. Plaintiff will supplement its initial disclosures with this information should it become necessary.

Respectfully submitted this 1st day of July, 2019.

/s/ R. Scott Callen
R. Scott Callen, Esq.
Florida Bar No.: 0146242
**THE KULLMAN FIRM**
2915 Kerry Forest Parkway, Suite 101
Tallahassee, Florida 32309
P: 850-296-1953
sc@kullmanlaw.com

Karuna Davé
*Admitted pro hac vice*
**THE KULLMAN FIRM**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
P: 504-524-4162 | F:504-596-4189
kd@kullmanlaw.com

**Counsel for Plaintiff**

4

# CERTIFICATE OF SERVICE

I certify that on the 1st day of July, 2019, a true and accurate copy of the foregoing was sent via electronic and U.S. mail to counsel for Defendant Ryals:

> **JONATHAN J. LUCA**
> **904 ANASTASIA BOULEVARD**
> **ST. AUGUSTINE, FL  32080**

> */s/ R. Scott Callen*
> R. Scott Callen, Esq.